IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DANIEL DEN HARTOG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOT'S, INC., et al.,<br><br>　　　　Defendants.<br>_____ | No. C 03-2986 SBA<br><br>**ORDER**<br><br>[Docket No. 110] |

　　　This matter comes before the Court on Defendant Jot's, Inc.'s ("Jot's") Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC") for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Having read and considered the arguments presented by the parties in their moving papers, the Court finds this matter appropriate for disposition without a hearing pursuant to CLR 7-1(b). The Court HEREBY GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss.

## **BACKGROUND**

**A.    Facts**

　　　Daniel Den Hartog ("Plaintiff") has sued Jot's for an accounting of, and payment of monies from an investment of $2,000,000 that he made in 1985 and 1986.[1] The investment mainly concerned the purchase and continued operation of a motel and resort in Oregon known as Jot's Resort. Plaintiff's original investment was primarily solicited by Gentry McKinney ("Gentry") on behalf of Gentry's company, McKinney & Associates. TAC ¶ 15. Gentry had always represented himself to Plaintiff as being knowledgeable, sophisticated, and possessing professional skills to promote and solicit investments for the purchase, sale and operation of business enterprises. *Id.* ¶¶ 11 & 13. Gentry was aware of Plaintiff's lack

---

[1] In addition to Jot's, Plaintiff is suing Does one through fifty. TAC ¶ 6.

of similar expertise and Plaintiff relied on all of Gentry's representations in that regard. *Id.* As a result of his professed expertise, Plaintiff invested with Gentry and alleges that his $2 million investment constituted a 40% share in a partnership with Gentry, formed to acquire and operate Jot's Resort. *Id.* ¶ 15.

Gentry allegedly used Plaintiff's investment to further develop Jot's Resort. *Id.* ¶ 18. From 1986 until 1988, Plaintiff alleges that he reasonably relied on Gentry's representation that he had a 40% share in Jot's Resort and that Gentry paid periodic amounts representing guaranteed investment returns from Jot's Resort. *Id.*

From 1988 to 1992, Plaintiff resided outside of the United States, during which time he allegedly also received positive assurances regarding his interest in Jot's Resort, though Plaintiff does not specify from whom he received those assurances *Id.* ¶ 19. Plaintiff further alleges that Virginia McKinney ("Virginia"), Gentry's widow, represented that she was the general manager of all the business operations of Jot's Resort from approximately 1989 to date. *Id.* ¶ 21.

In March of 1992, Gentry transferred the assets of Jot's Resort to an Oregon Corporation, Jot's, Inc, the Defendant. *Id.* ¶ 23. Allegedly, the transfer was without Plaintiff's knowledge, consent, or authorization, and Plaintiff received no consideration for the transfer. *Id.* Plaintiff alleges that Jot's paid nothing for the transfer of Jot's Resort, other than the issuance of all of its outstanding shares to Gentry. *Id.* Plaintiff alleges that Jot's is the successor-in-interest to the former partnership between Gentry and Plaintiff and, therefore, Plaintiff is a partner with Jot's, entitled to a 40% interest in Jot's Resort.[2] *Id.* ¶¶ 26 & 30. Plaintiff also alleges that Jot's has succeeded to and assumed the fiduciary duties of Gentry to Plaintiff. *Id.* ¶ 26.

From 1992 to 2001, Plaintiff resided in a Federal correctional institution. He alleges that during this time, he received positive assurances from persons employed by Jot's regarding his partnership interest. *Id.* ¶ 20. In 1992, Gentry transferred all the shares of stock he owned to his wife, Virginia. Joint Stipulations ¶ 14. After Gentry's death in 1993, his wife Virginia has continued to control and operate the assets of Jot's, up to and including the present. TAC ¶ 21.

---

[2] In Plaintiff's Memo in Opposition to Defendant's Motion to Dismiss the TAC ("Opposition"), Plaintiff makes clear that he is not alleging to be a shareholder or a creditor of Jot's. Rather, Plaintiff is alleging to be in partnership with Jot's. Opposition at 3.

2

Following his release from prison, Plaintiff was employed by Jot's for approximately one year, beginning in 2001. However, he was terminated from his position in June, 2002 when he requested an accounting of the business operation of Jot's Resort from Virginia, including an accounting of Plaintiff's ownership interest. *Id.* ¶ 22. Allegedly, Virginia refused to give him an accounting and characterized his interest as a "bad investment." *Id.*

Plaintiff seeks declaratory relief and a constructive trust on the assets and shares of Jot's (Claim 1); damages and injunctive relief for alleged breaches by Jot's of its fiduciary duties (Claim 2); damages and injunctive relief associated with fraud, deceit, misrepresentation, and conspiracy (Claim 3); an accounting (Claim 4); and equitable relief to prevent unjust enrichment (Claim 5).

**B.    Procedural History**

Plaintiff commenced this suit on June 26, 2003, against the Estate of Gentry, Virginia, McKinney & Associates, and Jot's. On July 28, 2003, Plaintiff filed a First Amended Complaint ("FAC"), the most notable change being the valuation of Plaintiff's damages in excess of $5 million. On September 2, 2003, all the Defendants moved to dismiss Plaintiff's FAC for lack of personal jurisdiction. On January 9, 2004, the Court ruled on Defendants' Motion to Dismiss, finding that it did not have personal jurisdiction over Virginia, but that it did have personal jurisdiction over the remaining Defendants.

On February 10, 2004, Plaintiff filed a Second Amended Complaint ("SAC"), alleging the same claims, except Virginia was no longer included as a defendant. On March 26, 2004, Defendants moved to dismiss the SAC, alleging that Virginia was an indispensable party under Fed. R. Civ. P. 19(b) and that the SAC should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(7). Defendants also alleged that Plaintiff failed to state claims upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6). On November 12, 2004, the Court granted Defendants' Motion to Dismiss on 12(b)(7) grounds. The Court subsequently reconsidered its decision and granted Plaintiff relief from judgment.

On April 28, 2005 Plaintiff filed the TAC against Jot's alone, alleging damages in an amount no less than $8 million. On June 15, 2005, Jot's moved to dismiss Plaintiff's TAC pursuant to Rule 12(b)(6) largely on statute of limitations grounds. Jot's also alleges that Plaintiff's allegations are so vague that they fail for lack of specificity.

## **LEGAL STANDARD**

**A.     Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. *Knievel v. ESPN,* 393 F.3d 1068, 1079-80 (9th Cir. 2005).

The court does not accept as true unreasonable inferences or conclusory allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); s*ee In re Daou Systems, Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005) ("[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim.") (citations omitted); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."), *as amended*, 275 F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.").

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). Of these factors, prejudice to the opposing party is the most important. *See Jackson v.*

*Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971)).  Leave to amend is properly denied "where the amendment would be futile." *DeSoto Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.     Federal Rule of Civil Procedure 9(b)**

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b).  The allegations of fraud or mistake Plaintiff pleads in the complaint must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  The heightened particularity requirement of Rule 9(b) requires a party alleging a claim of fraud to plead "the who, what, when, where, and how." *Cagin, D.O. v. MacFarland Clinic, P.C.*, 317 F.Supp.2d 964, 970 (2004) (citations omitted).  Scienter may be averred generally, simply by saying that it existed. *Id.* at 1547; *see* Fed.R.Civ.P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally"). Allegations of fraud based on information and belief usually do not satisfy the particularity requirements of Rule 9(b); however, as to matters peculiarly within the opposing party's knowledge, allegations based on information and belief may satisfy Rule 9(b) if they also state the facts upon which the belief is founded. *City and County of San Francisco v. Tutor-Saliba Corp.*, No. C 02-5286 CW, 2005 WL 645389, at * 2 (N.D. Cal. Mar. 17, 2005).

**ANALYSIS**

Jot's argues that Cal. Code Civ. Proc. section 366.2 bars Plaintiff's claims against it insofar as the claims result from the acts of Gentry, since Plaintiff failed to bring those claims within a year of Gentry's death.  Furthermore, Plaintiff cannot, under the guise of successor-in-interest liability, impute the duties and liabilities of Gentry to it, including any continuation of any fiduciary duties Gentry might have had.  Lastly, Jot's argues that any direct claims of fraud against it must fail due to Plaintiff's failure to plead the underlying facts with sufficient specificity.

**A.     California Code of Civil Procedure § 366.2**

Jot's contends that Cal. Code Civ. Proc. ("CCP") § 366.2 precludes the lodging of any claims against it based upon the acts of Gentry. Opposition at 2. Almost all of Plaintiff's claims, Jot's argues, derive from the conduct of the deceased, Gentry, and as Plaintiff failed to bring this action within one year of Gentry's death, as mandated by CCP 366.2, these claims are time barred. As discussed *infra,* Plaintiff's claims against the defendant that are based upon the acts of Gentry are not subject to section 366.2.

**1.     CCP Section 366.2**

CCP § 366.2 states:

> If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and whether accrued or not accrued, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.

Cal. Code. Civ. Proc. § 366.2. The drafters of this section believed the limitation period serves "the strong public policies of expeditious estate administration and security of title for distributees, and is consistent with the concept that a creditor has some obligation to keep informed of the status of the debtor." Recommendation Relating to Notice to Creditors in Estate Administration (Dec. 1989) 20 Cal. Law Revision Com. Rep. (1990) p. 512; *see Dobler v. Arluck Med. Ctr.*, 89 Cal.App.4th 530, 541, 107 Cal.Rptr.2d 478 (2001) (court explains purpose of the one year period of limitations is to protect a "decedent's heirs, legatees or beneficiaries from stale and unknown claims.")

The CCP § 366.2 jurisprudence Jot's relies upon concerns controversies in which the assets at issue were part of the decedent's estate. *Levine v. Levine*, 102 Cal.App.4th 1256, 126 Cal.Rptr. 255 (2002) (claims against trust and trustee of decedent grandfather's estate); *Embree v. Embree*, 125 Cal.App.4th 487, 22 Cal.Rptr.3d 782 (2004) (plaintiff's claims against estate of ex-husband); *Dawes v. Rich*, 60 Cal.App.4th 24, 70 Cal.Rptr.2d 72 (1997) (plaintiffs claims against property of a deceased spouse in order to satisfy a debt that had been incurred by the surviving spouse during the marriage). Other courts that have construed CCP § 366.2 have

6

interpreted the statute similarly. *See Shrewry v. Begil*, 128 Cal.App.4th 639, 27 Cal.Rptr.3d 209 (2005) (CCP § 366.2 held to apply to claims that the plaintiff would have brought against the decedent had he or she lived); *Bradley v. Breen*, 73 Cal.App.4th 798, 86 Cal.Rptr.2d 726 (1999) (court found CCP § 366.2 acted as bar to claims against decedent's estate even though claims could not have been brought within the one year time period).

As the parties have stipulated, the transfer of Jot's Resort to Jot's, as well as the transfer of all the shares in Jot's to Gentry's wife, took place well before his death.[3] Several of Plaintiff's claims - for declaratory relief, a constructive trust, an accounting - would not lie against Gentry's estate since Jot's, and Jot's Resort, were not Gentry's property at the time of his death. The allegedly wrongful transfers of property occurred well before Gentry's demise in 1993. Joint Stipulations ¶ 9. In other words, Gentry's estate could not provide Plaintiff with relief. Thus, CCP § 366.2 is not applicable here. Consequently, the Court finds that CCP § 366.2 does not bar Plaintiff's claims against Jot's.

### 2. Successor-In-Interest Liability

Under California law, a corporation which acquires the principal assets of another does not assume the liability of the selling corporation unless (1) there is an express or implied agreement of assumption of liability, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability. *Schwarz v. Pillsbury*, 969 F.2d 840 (9th Cir. 1992).

The parties have stipulated that in 1992 Gentry conveyed the real estate of Jot's Resort, as well as the business operation, from McKinney & Associates to Jot's. Joint Stipulations ¶ 12. As a result of that transaction, Gentry became the sole shareholder of record of Jot's. *Id.* ¶ 13. In its position as successor-in-interest, as this Court has previously found, Jot's appears to be a mere continuation of the seller, McKinney & Associates, and therefore has assumed the liability for the breaches of fiduciary duty by McKinney & Associates. *See* Order Granting in Part and Denying

---

[3] The Estate of Gentry is not a party to this case.

1  in Part Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [Docket No. 49] 6:8-18.

2  Jot's reliance upon *Ray v. Alad* for the proposition that successor-in-interest liability is
3  only applicable where one corporation succeeds another is misplaced. There, the court was faced
4  with the question of whether to expand the scope of successor-in-interest liability beyond the four
5  categories set forth above and craft a special rule concerning a successor corporation's tort liability
6  for its predecessor's defective products. *Ray v. Alad*, 19 Cal.3d 22, 30, 136 Cal.Rptr. 574
7  (1977). In other words, the *Ray* Court created a fifth exception to the general rule regarding
8  successor-in-interest liability. *Schwartz*, 969 F.2d at 845.

9  Jot's other cases on this point are not instructive as they addressed the issue of whether a
10 corporation owed a fiduciary duty to its shareholders or creditors. That issue is not currently
11 before this court as neither party has alleged Plaintiff is a shareholder or a creditor of Jot's.[4] More
12 importantly, however, the Court has previously found Jot's may be held accountable for its
13 predecessor's liabilities as a successor-in-interest. Consequently, this Court finds no reason why
14 Plaintiff cannot pursue his claims of successor-in-interest liability against Jot's.

15 As CCP § 366.2 is inapplicable in these circumstances, and Jot's is liable for the acts of
16 Gentry as a successor-in-interest, Plaintiff is subject to the traditional statutes of limitations for his
17 claims. The statute of limitations that applies to an action is governed by the gravamen of the
18 complaint, not the cause of action pled. *Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773,
19 786, fn. 2, 157 Cal.Rptr. 392, 598 P.2d 45. California courts have construed claims for breach
20 of fiduciary duty as being governed by the catch-all CCP § 343 statute of limitations of four years.
21 *Solomon v. North American Life and Cas. Inc. Co.,* 151 F.3d 1132, 1137-38 (9th Cir. 1998)
22 (California courts have expressly held that claims for breach of fiduciary duty are governed by the
23 four-year statute of limitations, pursuant to CCP § 343). A claim for fraud and deceit must usually
24 be brought within three years. *See* CCP § 338(d) ("Within three years: an action for relief on the

---

[4] Though Plaintiff denies being in the shoes of a creditor or shareholder, he does not cite to any law, either in Oregon or California, which would support his argument that Plaintiff is now a partner of Jot's. Were the Court to deny the motion to dismiss, further briefing by the parties would be necessary to aid the Court in determining the exact parameters of Plaintiff's status vis-à-vis Jot's.

8

ground of fraud or mistake.") The three-year period does not begin to run until the plaintiff has actual or constructive notice of the facts constituting the fraud. *Id.; see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 206 (9th Cir. 1991). As for claims of enrichment, the Ninth Circuit has held that the six year statute of limitations should apply. *U.S. v. Dae Rim Fishery Co.*, 794 F.2d 1392, 1394 (9th Cir.1986); *U.S. v. Neidorf*, 522 F.2d 916, 918-919 (9th Cir.1975), *cert. denied*, 423 U.S. 1087 (1986).

Assuming Plaintiff's facts are true[5], Plaintiff initially learned of the wrongful conduct in June, 2002. Since he filed his initial complaint against Jot's in April, 2003 he is well within the relevant time limits for his asserted causes of action.[6]

## B. <u>Plaintiff's Allegations of Fraud</u>

Though confusingly articulated, Plaintiff alleges Defendant is liable for fraud under two theories of liability, as a direct participant in the fraudulent act, i.e., as a co-conspirator, and as a successor-in-interest who has assumed the liabilities of Gentry. As explained *infra*, Jot's motion is granted as to Plaintiff's claims where the claims allege direct fraud on the part of Jot's, but denied where the claims rely on the conduct of Gentry.

### 1. **Plaintiff's Direct Claims of Fraud Against Defendant**

Jot's argues that Plaintiff's claim of fraud liability - independent from that of Gentry's conduct - fails due to lack of specificity. Memo in Support of Motion to Dismiss TAC at 8, 9. Plaintiff argues that paragraph 20 of the TAC alleges sufficient facts to support a claim of fraud against Jot's. It reads, "[f]rom 1992 to 2001, Plaintiff Hartog resided in a Federal correctional institution. During said period Hartog received positive assurances from persons employed by the Defendant regarding his interest." TAC ¶ 20.

The deferential standard of review under Fed. R. Civ. P. 12(b)(6) is modified by the heightened pleading requirement of Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b)

---

[5] *See Jenkins*, 395 U.S. at 421 (1969)(all properly pleaded factual allegations are taken as true); *cf Sprewell*, 266 F.3d at 987 (the court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.")

[6] If Jot's chose to argue that Plaintiff, or a reasonable person in Plaintiff's position, would have discovered the tortious conduct before June, 2002, then Plaintiff is potentially still time barred in his claims. However, that is a separate matter to be briefed by the parties should Jot's wish to raise it in a subsequent motion.

1   provides that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake
2   shall be stated with particularity." Fed. R. Civ. P. 9(b).

3   Applying this standard to the instant case, Plaintiff fails to state with particularity the
4   requisite "who, what, when, where and how" which allows the Court to evaluate his assertion. *See*
5   *Cagin*, 317 F.Supp.2d at 970. Specifically, Plaintiff fails to state when he received "positive
6   assurances," the nature or substance of those positive assurances he received (i.e., what was said),
7   the individuals who provided him such assurances, and how they were communicated to him.
8   Thus, Plaintiff has failed to satisfy Rule 9(b) and the Court grants Jot's motion to dismiss on the
9   grounds that Plaintiff's allegations of direct fraud against Jot's fail due to lack of specificity.

10  In determining whether plaintiff should be given leave to file yet another amended
11  complaint, the court must consider (1) the plaintiff's bad faith; (2) undue delay; (3) prejudice to the
12  defendant; (4) futility of amendment; and (5) whether the plaintiff has previously amended his or
13  her pleadings. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir.2004) (citing *Bonin v. Calderon*,
14  59 F.3d 815, 845 (9th Cir.1995)), *reh'g and reh'g en banc denied*, 375 F.3d 810 (9th
15  Cir.2004), *cert. denied*, 125 S.Ct. 1395, 161 L.Ed.2d 192 (2005).

16  There is no indication that the Plaintiff has engaged in any bad faith or undue delay of the
17  Court's processes, yet it is curious that after almost two years Plaintiff raised for the first time this
18  allegation of fraud against Jot's.[7] It is not clear what further facts Plaintiff would be able to allege
19  now, when he has not before, that would be sufficient to meet the heightened pleading requirement
20  of Rule 9(b). The TAC is also confusing as to when Plaintiff discovered the existence of Jot's and
21  its role in his original investment. Plaintiff alleges that from 1992 to 2001 he received positive
22  assurances regarding his interest from persons employed by Jot's. TAC ¶ 20. Plaintiff later
23  alleges that it was only after he was terminated from employment at Jot's Resort in 2002 that he
24  "undertook to ascertain the status of his investment" and determined that all the partnership's assets
25  had been transferred to Jot's. TAC ¶ 23. It is unclear what Plaintiff's understanding was of Jot's

---

[7] In each of Plaintiff's three previous versions of the complaint, he only alleged "[t]hroughout their relationship, the now deceased [Gentry] and [Virginia] reaffirmed Plaintiff's investment and ownership interest." Complaint ¶ 29; FAC ¶ 29; SAC ¶ 29.

United States District Court
For the Northern District of California

1  back in 1992 when he began receiving those positive assurances, and the role Plaintiff believed

2  Jot's played with regard to his investment.

3      If and when Plaintiff amends his complaint for a fifth and final time, these questions must be

4  addressed.  Plaintiff should allege with specificity all of his interactions with Jot's prior to 2002 -

5  people, names, content of conversations - and he must provide facts regarding his understanding of

6  Jot's prior to June, 2002.

7      **2.**    **Plaintiff's Claims of Fraud Against Jot's Based on the Conduct of Gentry**

8      Plaintiff has alleged with sufficient particularity fraud by Jot's under the successor-in-

9  interest liability.  As Jot's is liable for Gentry's acts, Plaintiff was sufficiently specific as to Gentry's

10  conduct to survive Rule 9(b) pleading requirements.  Plaintiff alleged when he received the

11  representations from Gentry as to his financial investment in the partnership and the profitability of

12  Jot's Resort, the general nature of those representations, and his reliance thereon.  *See City and*

13  *County of San Francisco*, 2005 WL 645389, at *2.

14      **CONCLUSION**

15      For the foregoing reasons, the Court GRANTS in part Defendant's Motion to Dismiss

16  without prejudice Plaintiff allegations of direct acts of fraud by Jot's.  The motion is DENIED in all

17  other respects.

19      IT IS SO ORDERED.

21  Dated: 9-20-05    SAUNDRA BROWN ARMSTRONG
    United States District Judge